**United States Bankruptcy Court**
**District of Idaho**

In re **VERNON KENNETH SMITH, JR.**

Case No. **18-01171-JDP**

Debtors      Chapter **11**

**PLAN OF REORGANIZATION DATED FEBRUARY 15, 2019**

**ARTICLE I**
**SUMMARY**

    This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Vernon Kenneth Smith, Jr., as "Debtor."  Funds will be generated from Debtor's share of the Estate of Victoria H. Smith, Deceased, pending in probate in Ada County, Idaho.  Whenever the term "Distribution Date" is used in this Plan, it is defined to mean the date of distribution to Debtor of his share of the Victoria Smith Estate in whole or in a sufficient part thereof to satisfy the claims.

    This Plan provides for classes of secured claims as set forth below; priority claims; one class of unsecured claims; and one class of equity security holders.  Creditors holding allowed claims will receive distributions as set forth in this Plan.  This Plan also provides for the payment of administrative and priority claims to Debtor's attorneys and accountants upon approval by the Court.  The administrative claims shall be paid upon the Effective Date of the Plan or the Distribution Date.

    All creditors and equity security holders should refer to the entirety of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

    2.01  Class 1.    PRIORITY CLAIMS:  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8).  This includes any taxes which may be assessed either prepetition or postpetition for prepetition tax years; postpetition assessments for postpetition years are administrative claims.   In addition, Debtor will agree to satisfy 2/3 of any estate tax claims which may be assessed and unpaid by the Personal Representative of the Estate of Victoria Smith, Deceased.

**CHAPTER 11 PLAN OF REORGANIZATION--PAGE 1**
M:\MB\mbwork\Blair\Smith- VK\VK-11\Plan\(2019.2.15) Plan.docx

2.02  Class 2.    PROPERTY TAX CLAIMS: The following creditors hold statutory property tax liens, as follows:

2-A-1 and 2 Ada County Treasurer:   This creditor holds first position liens for property taxes on Debtor's real property in Ada County, Idaho.  Debtor does not believe that any are owing.  This specifically includes Debtor's interest in the properties being administered in the Victoria H. Smith probate case, as Idaho law provides that those properties passed to Debtor, his sister and brother effective on date of death of the decedent, subject to administration.

2.03  Class 3:    SECURED CLAIMS:   To the extent that there are any allowed secured claims, each such creditor's claim will be paid from Debtor's share of the probate Estate of Victoria Smith, Deceased.  Debtor reserves the right to litigate any such claims as may be asserted, including the claim filed by Noah Hillen, Personal Representative of the Estate of Victoria Smith, Deceased.  Debtor does not concede that the Personal Representative may "offset" any claim from Debtor's share of the Victoria Smith Estate.  There shall be no 'default interest' or late charges accrued on any of these obligations.

2.04  Class 4.    UNSECURED CLAIMS:   All unsecured claims allowed under § 502 of the Code, including unsecured portions of secured claims or non-priority portions of tax claims.  All such claims shall be paid in full, and shall include interest accruing post-confirmation at 2% per annum until paid.   Payments shall commence 30 days after the Distribution Date.  Debtor will object to claims which are believed to be overstated or invalid and the claims as allowed shall be the claims paid.  the Effective Date and monthly thereafter.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01  Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02  Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VII) or upon the expiration of 30 days from the Distribution Date, whichever is later, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  This includes legal and accounting fees.

3.03  Priority Tax Claims.  Each holder of a priority tax claim will be paid over 60 months from the date of the petition at 5% interest.   Payments shall begin 30 days following the Effective Date or the Distribution Date, whichever is later.

If the Debtor fail to make any deposits of any currently accruing employment tax liability or fails to make payment of any tax to the IRS or State Tax Commission within 30 days of the due date of such deposit or payment, or fail to file any required federal tax return with 30 days of the due date of such return (as may be extended), then such agency may declare that the debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by such agency of the right to declare that the successor in interest or debtor is in default.

If such agency declares the debtor or the successor in interest to be in default of the debtor's obligations under the Plan, and such default is valid and uncured for a period of 30 days, then the entire pre-petition liability shall become due and payable immediately upon written demand to the debtor or the successor in interest.

If the default is not cured within 30 days of such demand, or other arrangement agreed in writing, then such agency may collect any unpaid liabilities through the administrative collection provisions of the appropriate tax code.

Nothing herein contained shall preclude the right of the Debtor to contest such default in good faith.

3.04  <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Priority Claims**: This class consists of claims under 11 USC §507. | Impaired. | See paragraph 3.01-3.03 above. |
| **Class 2 - Property Tax Claims:**  These are classified in Class 2-A-1 and 2-A-2, and include the claims for the two properties owned or affiliated with Debtor. | All creditors in these classes are Impaired. | Any unpaid property taxes on property which is retained (2-A-1) shall be paid by Debtor directly, as the same come due. |

**CHAPTER 11 PLAN OF REORGANIZATION--PAGE 3**
M:\MB\mbwork\Blair\Smith- VK\VK-11\Plan\(2019.2.15) Plan.docx

| | | |
|---|---|---|
| **Class 3 - Secured Creditors:** These creditors have liens or, in the case of the Personal Representative of the Estate of Victoria Smith, a claimed offset on Debtor's share of the Victoria Smith Estate. This claim is disputed. | Impaired | All secured creditors shall retain their liens until completion of this Plan. ***Each creditor is considered a separate class for purposes of voting and treatment, and shall receive a separate ballot.*** All creditors whose collateral is to be 'retained' shall be paid the <u>allowed secured value</u> of such collateral as provided. Any defaults will be cured by being included as part of this payment. <u>No separate payment on defaults will occur, as the full allowed secured claim is being paid over the life of the Plan</u>. |
| **Class 4 - General Unsecured Creditors:** | Impaired. | The creditors in this class shall receive payment as set forth in this Plan. |
| **Administrative Expense Claims and US Trustee:** | | See paragraphs 3.02 and 3.04. |

ARTICLE V
ALLOWANCE AND DISALLOWANCE OF CLAIMS

  5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

  5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

  5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VI
PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

**CHAPTER 11 PLAN OF REORGANIZATION--PAGE 4**
M:\MB\mbwork\Blair\Smith- VK\VK-11\Plan\(2019.2.15) Plan.docx

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| Victoria H. Smith Estate | Lease of office and storage at 1900 Main St., Boise, ID |
| VHS Properties or Riverside Farms | Any lease of property from Victoria Smith Estate or the successor in interest thereto |
| Victoria | |

(b) The Debtor will be deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. However, those contracts or leases in which Debtor are landlords are all deemed ASSUMED under this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN AND LIEN AVOIDANCE

Debtor is entitled to 2/3 of the Estate of Victoria H. Smith, Deceased, being administered in the Magistrate's Court for Ada County, Idaho, in Boise. The Personal Representative is pursuing the administration and closing of the Estate. Debtor is paying all payments under the Plan via his share thereof, which should be worth over $10 million minimum after offsets. There is more than enough to pay all claims made in this bankruptcy case. Upon request of a creditor, a financial report for Debtor shall be prepared quarterly, and a copy furnished to the requesting party.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02 (a) Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. If a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) Distribution Date. The date of distribution to Debtor of his share of the Victoria H. Smith Estate in whole or in a sufficient part thereof to satisfy the claims. This date is, at this time, unknown.

    8.03   Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06   Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Idaho govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

    8.07   Retention of Rights.   Debtor hereby specifically provide that all rights under 11 USC §550 are and will be preserved for benefit of the Estate, and will pass to any Chapter 7 Trustee should this case be converted to Chapter 7 hereafter.

## ARTICLE IX
## DISCHARGE

    9.01   Discharge.  Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in 11 USC §1141(d)(1)(A) of the Code upon compliance with §1141(d)(5).  Upon payment of the unsecured creditors' dividend, and completion of the Plan, Debtor will seek such Discharge.

    Respectfully submitted,

By: **/s/ Vernon K. Smith, Jr.**
Vernon K. Smith, Jr.
Plan Proponent

**LAW OFFICES OF D. BLAIR CLARK PC**

**/s/ D. Blair Clark**
By:
Attorneys for the Plan Proponents

**CHAPTER 11 PLAN OF REORGANIZATION--PAGE 6**
M:\MB\mbwork\Blair\Smith- VK\VK-11\Plan\(2019.2.15) Plan.docx