SWAFFORD LAW, P.C.
    Ronald L. Swafford, Esq., Bar No. 1657
    Trevor L. Castleton, Esq., Bar No. 5809
    Larren K. Covert, Esq., Bar No. 7217
        larrenc@swaffordlaw.com
    675 S. Woodruff Avenue
    Idaho Falls ID 83401
    Telephone (208) 524-4002
    Facsimile (208) 524-4131

Attorney for Sharon Bergmann

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>VERNON K. SMITH, JR.,<br><br>    Debtor. | **Case No. 18-01171-JDP**<br>Chapter 11<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362** |
|---|---|

COMES NOW Swafford Law, PC as appointed counsel for Sharon Bergmann and hereby moves this Court for its Order pursuant to Bankruptcy Code Section 362 relieving Ms. Bergmann from the automatic stay issued in this matter.

### **HISTORY OF THE PARTIES AND PROCEEDINGS**

To fully understand the necessity of this *Motion*, it is necessary to understand the long history between the parties and relevant proceedings.

Sharon Bergmann and Vernon K. Smith were previously married. A divorce petition was filed in 1990 in Ada County (CV-DR-1990-12684). The divorce was highly contested and even resulted in Mr. Smith being found in contempt and placed in jail. The divorce concluded in February, 1991 with the divorce being granted and Sharon receiving an award against Mr. Smith

MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362           1

for her share of the community assets and attorney fees.

Mr. Smith appealed the decision of the magistrate judge eventually to the Idaho Supreme Court. The appeal resulted in an amendment to the judgment for Sharon on the community property settlement, slightly lowering the amount awarded. After two amendments to the February 11, 1991 *Judgment*, the total amount stood at $200,690.37. The interest rate for the *1991 Judgment* as quoted by the Idaho State Treasurer's Office is 13.25%.

Sharon would later receive another *Judgment* against Mr. Smith on January 6, 1999 for Mr. Smith's failure to pay several obligations pursuant to the prior orders in the case. The *1999 Judgment* was issued for $34,770.16. The interest rate for the *1999 Judgment* as quoted by the Idaho State Treasurer's Office is 10.50%.

The *1991 Judgment* accrues $75.61 of interest per day. As of June 27, 2019, 10,363 days have passed since entry of the *1991 Judgment*. As no payments have been made on this judgment, the current amount owing is $984,236.80.

The *1996 Judgment* accrues $10.00 of interest per day. As of June 27, 2019, 7,477 days have passed since entry of the *1999 Judgment*. As no payments have been made on this judgment, the current amount owing is $109,540.16.

The total amount owing to Sharon from Mr. Smith is $1,093,776.96 as of June 27, 2019.

Over the years, Sharon sought to recover the amounts owed to her on the judgments. These attempts were met with Mr. Smith filing bankruptcy (only to later dismiss the bankruptcy), engaging in efforts to transfer and hide his assets to prevent collection, and any nefarious act available to prevent the collection of the judgments. During these years, Sharon faithfully renewed the judgments to ensure their enforceability. Even the renewal actions were contested by Mr. Smith, as another appeal on the renewals was taken to the Idaho Supreme Court.

After learning of the passing of Mr. Smith's mother, she again attempted to collect on the judgments. It was at this time that Sharon learned that Mr. Smith had appropriated the entire estate of his mother by means of a power of attorney he had executed for her, and transferred the estate assets to a Limited Liability Company, VHS, LLC. The day following the transfer of all of the estate assets, Mr. Smith then transferred the full ownership interest in VHS, LLC to himself, again via the power of attorney. Sharon's attempts to access VHS, LLC as a source to satisfy the judgments was also unsuccessful, as Mr. Smith later produced a document that indicated that he had transferred all interest in VHS, LLC to his current wife, Victoria Smith.

After learning of Mr. Smith's actions concerning his mother's estate, Sharon started proceedings to look into the estate and have it formally probated. The case was later assumed by Mr. Smith's brother, Joseph, and is still proceeding as Ada County case CV-IE-2014-15352.

On March 15, 2015, Sharon was forced to seek bankruptcy protection as Mr. Smith was attempting to obtain the judgments Sharon held against him via a personal friend and client, Royal Von Puckett. This is Idaho Bankruptcy case number 15-00387-JMM. Mr. Smith appeared in that matter and contested the bankruptcy plan and each action by Sharon and the appointed Trustee. A plan for the bankruptcy was approved by that Court on January 4, 2016. As part of the plan, the Trustee retained the judgments Sharon held against Mr. Smith and was ordered "to take all reasonable actions necessary to collect those judgments and to pay the net amount of those judgments to creditors." *Corrected Order Confirming Chapter 13 Plan filed 6/17/15 Docket No. 37 and Granting Related Motions, p. 3,* attached to the *Affidavit of Larren K. Covert in Support of Motion for Relief of Stay, Attachment A*. This *Order* further authorized the Trustee to employ counsel to collect the judgments, which she did in selecting Swafford Law, PC to continue its collection efforts.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362                                              3

Further collection efforts were undertaken, including efforts to collect from the estate interest held by Mr. Smith in his mother's estate and the estate case, Ada County Case No. CV-IE-2014-15352. An execution was signed by Ada County, a Writ of Attachment was executed by the Ada County Sheriff's Department and a sheriff's sale was set for September 7, 2018. The assets to be sold were any and all interest Mr. Smith had in his mother's estate and in Ada County Case No. CV-IE-2014-15352. In the estate case, Mr. Smith is reported to be entitled to a two thirds interest in the estate according to documents filed in this matter. *See Motion of Personal Representative Noah Hillen to Appoint Trustee Under 11 U.S.C. Section 1104(A)(1) and (2),* Docket No. 75. p. 2. The estate case involves millions of dollars of property. In the estate case, two orders have been entered for the sale of estate property. The first order was entered on November 15, 2017 for the sale of the 1,280 acre farm property. This property was sold for over seven million ($7,000,000.00) dollars. The second order was entered on May 16, 2019 for the sale of the "Pleasant Valley Road Property." This order authorized the sale of the property with a minimum bid of fifteen ($15,000,000.00) dollars. This property could sell for more than the minimum price. The estate has additional properties that are of similar or greater values.

Mr. Smith, in order to avoid the Sheriff's Sale of his estate interest, filed this bankruptcy action the day before the sale was to occur. This action was solely undertaken to prohibit Sharon from collecting on her judgments as shown by the timing. In the bankruptcy, Mr. Smith acknowledges the judgments against him and for the amounts shown. In his *Summary of Assets and Liabilities* (Docket no. 29), Mr. Smith states that his liabilities are $1,707,235.19 and assets of $17,122,301.66. Sharon is the single greatest liability.

## ANALYSIS

Relief from the automatic stay in bankruptcy cases is granted on a for cause basis. *11 U.S.C.§362(d)(1)*. 11 U.S.C.A. § 362(d) states,

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

Sharon has been seeking to enforce her judgments against Vernon for 28 years. The judgments continue to incur interest at over $85.00 per day. The history of the parties shows that any action prohibiting her from collecting on the judgments against Mr. Smith only provides him with additional opportunity to thwart the collection process.

During the Debtor's Exam on October 12, 2018, Mr. Smith testified about his "estate planning" scheme, the same scheme he routinely utilizes to avoid collection of the judgments by Sharon. *See Docket 76-4*. During this exam, Mr. Smith stated:

1. He does not have any property in his name (*passim*),
2. That "within a week or two" of his current marriage he relinquished any community property rights to his wife (*Id. at pp.102:21 – 103:1*),
3. He only owns 10% of his solo practitioner law firm where is wife is the only listed member (*Id at 25:1 9; 27:10-14*),
4. He does not receive any money from his solo practitioner law firm (*Id at 23:1-9; 36:6-920*),
5. His wife, "Vicki" takes whatever funds she wants from Mr. Smith's solo practitioner law firm to pay for any and all expenses (*Id at 31:5-24*),
6. His law firm has not made any money "for the last number of years" (*Id at 34:11-25*),

MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362                 5

7. He intends to give all of his inheritance to Vicki through a trust, will, or just give it to her (*Id. at 99:18 – 100:25*),

8. As part of this bankruptcy, he would only protect the interests of those creditors which are "legitimate and valid creditor in the Chapter 11 estate." (*Id at 102:10-12*).

By his own admissions and statements, Mr. Smith continues to engage in the process of hiding, reallocating and ensuring no funds are ever available to satisfy the judgments against him.

The actions of Mr. Smith are currently successful. In his *April Operating Report – Docket 109* (the most recent report filed), Mr. Smith shows only $675.00 of monthly income, all from social security, and shows a total of all post-petition income (September, 2018 to present, 7 months as of April) of only $3,752.00. Mr. Smith reports no income from any other source.

Mr. Smith's history clearly shows the inability to be trusted in his actions. Mr. Smith has not paid any money on either judgment for the past 28 years. Mr. Smith has not filed his taxes in over 12 years. (*Docket 76-5 p. 49:16-24*). Mr. Smith purposefully transfers all moneys and assets to his wife. Mr. Smith has been found in several cases to have acted frivolously and has been sanctioned for his conduct. (*See Smith v. Smith, 164 Idaho 46, 423 P.3d 998, 1005 (2018), reh'g denied (Aug. 28, 2018)*)

It should not be trusted that Mr. Smith will change his ways in this Chapter 11 bankruptcy and properly administer any assets.

## CONCLUSION

The history of the parties and the nature of Mr. Smith clearly show cause why the automatic stay in this matter should be lifted. When Mr. Smith is involved, there is never a

MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362                                6

protected interest or assurance that rules will be followed. The 28 year history of Sharon's attempts to collect on the judgments clearly demonstrates the necessity of stay relief. Mr. Smith's current actions in this case further reflect his desire to continue in his ways and ensure nothing is ever paid.

      WHEREFORE, Sharon Bergmann requests this Court's Order as follows:

1. Relief from the automatic stay so as to allow the collection of the judgments,
2. For such other and further relief as the Court deems just and reasonable.

## **LOCAL BANKRUPTCY RULE 4001.2 NOTICES**

**Objections.**

Any party in interest opposing the motion must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain the notice of hearing required by subsection (e)(1) and the proof of service required by subsection (h). Absent the filing of a timely objection, movant may submit a proposed order, and the court may grant the relief sought without a hearing.**Service.**

 (3) Objections. If an objection is filed to a motion for stay relief, the objection shall be served upon the movant and upon all parties receiving service of the motion.

**Hearings.**

(1) Scheduling. A party opposing a motion shall contact the court's calendar clerk to schedule a preliminary hearing. The objection to a motion shall include the notice of such hearing.

(A) Upon court approval, the movant may schedule a hearing for cause shown in the motion or

MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362      7

other submissions.

Dated this 3rd day of July, 2019

_____
Larren K. Covert, Esq.
Of Swafford Law, PC
Attorney for Sharon Bergmann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2019, I served a true and correct copy of the foregoing document on the following by the method of delivery indicated:

| | |
|---|---|
| Vernon K. Smith, Esq.<br>1900 W. Main<br>Boise, ID 83702 | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☒ CM/ECF: vvs1900@gmail.com |
| Noah G. Hillen<br>PR Estate of Smith | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☒ CM/ECF: ngh@hillenlaw.com |
| D. Blair Clark | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☒ CM/ECF: dbc@dbclarklaw.com |
| David W. Newman | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☐ ustp.region18.bs.ecf@usdof.gov |
| U.S. Trustee | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☒ CM/ECF:<br>ustp.region18.bs.ecf@usdof.gov |
| Kimbell D. Gourley | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☒ CM/ECF: kgourley@idalaw.com |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY, 11 U.S.C. §362                9

| | |
|---|---|
| Randall A. Peterman | ☐ U.S. Mail, postage prepaid |
| | ☐ Designated courthouse box |
| | ☐ Hand-delivered |
| | ☐ Fax: |
| | ☒ CM/ECF:  rap@givenspursley.com |

_____
Larren K. Covert, Esq.
Of Swafford Law, PC
Attorney for Sharon Bergmann